## CONTINUATION OF CRIMINAL COMPLAINT

I, David T. Deuman, declare the following under penalty of perjury:

### INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT

1. I, David T. Deuman, am a Homeland Security Investigations (HSI) Special Agent (SA) with the United States Department of Homeland Security, Immigration and Customs enforcement (ICE). I have been employed in this capacity since March 12, 2023. Currently, I am assigned to the HSI Sault Ste. Marie office. As part of my duties as an HSI Special Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a). I graduated from the Federal Law Enforcement Training Center's (FLETC) Criminal Investigator Training Program (CITP) and Homeland Security Investigations Special Agent Training (HSISAT) program, where I received training in United States immigration law.

2. The facts of this case, as more fully detailed below, reveal that Mario Jose GOMEZ-JUAREZ (hereinafter, GOMEZ-JUAREZ), a native and citizen of El Salvador, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

3. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me

concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause.

4. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

5. This continuation contains information necessary to support a finding of probable cause to charge GOMEZ-JUAREZ with a violation of 8 U.S.C. § 1326(a). The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and records checks of law enforcement databases. I have reviewed the official immigration documents contained within law enforcement databases relating to GOMEZ-JUAREZ, which attests to the following.

## FACTS ESTABLISHING PROBABLE CAUSE

6. On May 15, 2025, HSI Sault Ste. Marie was contacted by the Charlevoix County Police Department (CCPD) after they encountered Mario Jose GOMEZ-JUAREZ during a traffic stop. CCPD advised they suspected GOMEZ-JUAREZ was in the United States illegally and identified him by providing HSI Special Agents with a photograph of GOMEZ-JUAREZ's El Salvador passport that he provided CCPD officers.

7.      HSI Sault Ste. Marie conducted law enforcement database checks and found that, on or about July 24, 2016, an expedited removal was performed by Border Patrol Station McAllen, Texas. GOMEZ-JUAREZ was subsequently issued a 5-year bar from entering the United States. On September 8, 2021, Border Patrol Station Laredo, Texas reinstated the deportation order and served him with a 20-year bar from entering the United States.

8.      Law enforcement databases confirm no record exists of GOMEZ-JUAREZ obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

9.      On May 21, 2025, HSI agents surveilled GOMEZ-JUAREZ outside of condominiums in Charlevoix, Michigan. HSI agents were familiar with GOMEZ-JUAREZ based on his El Salvador passport photograph. HSI agents, bearing HSI apparel identified themselves as Immigration and Customs Enforcement, contacted GOMEZ-JUAREZ, and asked his name. GOMEZ-JUAREZ identified himself and HSI agents verified his identify by his El Salvador identification card and passport. GOMEZ-JUAREZ was arrested for a violation of 8 U.S.C. § 1326(a) after probable cause had been established that GOMEZ-JUAREZ is removable from the United States. I took him into custody and effected an arrest for a § 1326(a) violation without incident.

10.     GOMEZ-JUAREZ was subsequently fingerprinted, and the fingerprints were searched through the Automated Biometric Identification System

(IDENT) and the Automated Fingerprint Identification System (AFIS). These databases positively confirmed GOMEZ-JUAREZ's identity and prior immigration and criminal history.

11.     HSI Task Force Officer Todd Gallagher utilized a Spanish language translator through the Lionbridge Translation Services and conducted a custodial interview of GOMEZ-JUAREZ. GOMEZ-JUAREZ was read his *Miranda* rights prior to questioning. GOMEZ-JUAREZ waived his rights and agreed to answer questions.

12.     GOMEZ-JUAREZ stated he has been previously deported twice. GOMEZ-JUAREZ explained he walked across the border without inspection by Customs and Border Protection in April of 2022 and that he has been working in the United States since that time.

## CONCLUSION

13.     Based on my training and experience as a Homeland Security Investigations Special Agent and the information contained in this continuation, there is probable cause to believe that Mario Jose GOMEZ-JUAREZ, an alien and citizen of El Salvador, reentered and was found in the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a).